

901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Brett A. Postal
Aydin H. Harston, Ph.D.

Jennifer B. Maisel
Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Monica Chin Kitts
Nicole M. DeAbrantes
Davide F. Schiavetti
Patrick Moon
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
An Nguyen
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D
Andrew C. Stewart
Adam M. Nicolais*

G. Franklin Rothwell
(1928-2011)

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
Harry F. Manbeck, Jr.
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

June 18, 2024

*via ECF*

Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 1007

Re:   *Quantum Technology Innovations, LLC v. Showtime Networks Inc. et al.*
      Case No. 1:24-cv-01103 (MMG)
      <u>Joint Submission of Proposed Civil Case Management Plan and Scheduling Order</u>

Dear Judge Garnett:

This letter is jointly submitted by the parties Plaintiff Quantum Technology Innovations, LLC and Defendants Showtime Networks Inc., Showtime Digital, Inc., and Paramount Global ("Defendants") in the above-referenced action.

The Initial Case Management Conference is currently scheduled for June 25, 2024.  Dkt. 26.

Plaintiff amended its complaint on June 10, 2024.  *See* Dkt. 27.  In accordance with Rule II(B)(6) of the Court's Individual Rules & Practices, Defendants expect to renew their previous motion to dismiss under Fed. R. Civ. P. 12(b)(6) within 14 days of service of the amended complaint.  The motion to dismiss addresses whether U.S. Patent No. 7,650,376 (the "'376 Patent") is directed to patent-eligible subject matter under 35 U.S.C. § 101, as well as the sufficiency of Plaintiff's infringement pleadings.  *See* Dkt. 22 at pp. 6-7.

Defendants' position is that it would be beneficial to wait until resolution of the outstanding motion before setting a Civil Case Management Plan, entering a Scheduling Order, or beginning discovery.  This would allow the Court and parties to conserve resources, and fully assess any implications that the Court's ruling may have on anticipated discovery or the schedule.  However,



Case No. 1:24-cv-01103 (MMG)
Page 2

Defendants understand their obligations under the Federal Rules of Civil Procedure, the Local Rules, and the Court's Individual Rules & Practices. Accordingly, pursuant to the Court's order dated May 7, 2024 (Dkt. 26), Defendants jointly submit this proposed Civil Case Management Plan and Scheduling Order with Plaintiff.

Plaintiff's position is that a motion to dismiss based on Section 101 is premature. Showtime's Rule 12(b)(6) Motion raises the now customary boilerplate argument that all Asserted Claims are invalid because they allegedly fail to recite patent-eligible subject matter. It ignores any claim construction disagreements and even that Plaintiff has not even yet served infringement contentions. Showtime's Motion is premised on a gross oversimplification of the Asserted Claims (which again are not even yet identified) and the underlying notion that virtually no invention remotely relating to asset trading can be patent eligible. Accordingly, Showtime's Motion, if refiled to attack the amended complaint, will still be premature.

First and foremost is the obvious fact that this issue is presented to the Court at the pleading stage. As such, the Court is left with zero developed record from which it could possibly assess what was, and what was not, well-understood, routine, and conventional in the art as of priority date, not to mention a lack of familiarity with the disclosures and an absence of claim construction.

As the Court is well aware, the Asserted Claims of the patents are presumptively novel and non-obvious, presumptively drawn to patent-eligible subject matter, and presumptively properly examined and allowed by the Examiner(s) at the United States Patent Office. *See, e.g., Cellspin Soft, Inc. v. Fitbit, Inc., et al.,* 927 F.3d 1306, 1319 (Fed. Cir. 2019) (reversing a trial court's finding of invalidity based on Section 101 at the pleading stage).

Further, at the pleading stage, the Court is required by law not only to accept all factual allegations in the operative Complaint as true, but also to draw all reasonable inferences in the patentee's favor. Here, just as in the *Cellspin* case, the Amended Complaint contains a multitude of specific and plausible statements of fact establishing the non-abstract nature of the Asserted Claims.

I. **RULE 26(F) CONFERENCE**

On June 4, 2024, the parties conducted a Rule 26(f) conference by telephone. The parties discussed the Rule 26(f) subjects and the topics required by the Local Patent Rules. Sharon L. Davis and Michael H. Jones participated as counsel for Defendants. Randall Garteiser participated as counsel for Plaintiff.

II. **NATURE OF THE ACTION**

Defendants are producers of premium entertainment content and provide popular video streaming platforms. Plaintiff is a limited liability corporation organized and existing under the laws of the State of Wyoming, and is in the business of licensing patented technology. *See* Dkt. 1, pp. 1-2.

This is a patent infringement action. The '376 Patent is titled "Content distribution system for distributing content over a network, with particular applicability to distributing high-bandwidth content." The specification and claims of the '376 Patent are directed to the "provision of content over



a network by a content provider" and "enlisting one or more network sites to facilitate the distribution of content," where the enlisted network sites are "offered an incentive as compensation" for their distribution of the content. '376 Patent at 1:20-26; *id*. at claims 1, 35-37, 55-57, 90. The '376 Patent expires later this year.

Plaintiff alleges that Defendants infringe the '376 Patent by distributing media content via the website https://www.sho.com and by paying a third-party (*e.g.*, Akamai Technologies) for hosting the content. *See* Dkt. 1-2, pp. 1, 16-17. The parties dispute whether the '376 Patent is valid, enforceable, or infringed, and Defendants deny that Plaintiff is entitled to either monetary or injunctive relief.

### III.     PROSPECT FOR SETTLEMENT AND CONTEMPLATED MOTIONS

The parties have engaged in good-faith preliminary settlement discussions and will continue to do so should this case proceed beyond the pleadings stage.

Resolution of the outstanding motion should help inform the prospect of settlement, whether additional motions are contemplated, and if one or more forms of alternative dispute resolution may be helpful.

### IV.     PROPOSED DISCOVERY PLAN

**A.     FRCP 26(f)(3)(A) – Any Proposed Changes do Disclosures under Rule 26(a)**

The parties do not believe that any changes to the disclosures under Rule 26(a) are necessary. The parties propose exchanging initial disclosures on July 9, 2024.

**B.     FRCP 26(f)(3)(B) – Subjects of Discovery**

1. Ownership and licensing of the '376 Patent
2. Claim construction
3. The alleged infringement of the '376 Patent
4. The validity of the '376 Patent, including prior art and secondary considerations
5. The enforceability of the '376 Patent
6. Inventorship, conception, and reduction to practice with respect to the '376 Patent
7. The functionality of the accused instrumentalities
8. The sales, revenue, costs, and profits associated with the accused instrumentalities

**C.     FRCP 26(f)(3)(C) – Electronically Stored Information**

The parties agree to meet and confer regarding an acceptable form of production for electronically stored information ("ESI"), including the form or forms in which it should be produced.

To the extent the parties are unable to resolve any disputes concerning the scope of an ESI protocol, the parties will seek assistance from the Court.

### D. FRCP 26(f)(3)(D) – Privilege

The parties agree that privileged or protected documents created on or after the commencement of this action shall not be included on any privilege log except as otherwise agreed to by the parties or ordered by the Court. The parties agree to exchange privilege logs and to negotiate a mutually agreeable deadline for such exchange.

### E. FRCP 26(f)(3)(E) – Changes to Limitations

The parties do not believe that any changes to the Federal Rules of Civil Procedure governing limitations on discovery are needed at this time.

### F. FRCP 26(f)(3)(F) – Any Other Orders

The parties anticipate the need for a protective order. The parties will meet and confer a proposed order to the Court no later than July 9, 2024, for approval and entry by the Court with any modifications. To the extent the parties are unable to resolve any disputes concerning the scope of a proposed protective order, the parties will identify any areas of disagreement and provide their respective proposals for the Court.

### G. Electronic Service

The parties agree that communications and service of documents between and among them, including correspondence regarding discovery requests and responses, will occur by email to the extent practicable. To the extent that email is not practicable, communications and service of documents between and among the parties will occur in electronic format by file transfer or as otherwise agreed to by the parties.

## V.  PROPOSED SCHEDULE

| Event | Date |
|---|---|
| Exchange of Rule 26(a)(1) disclosures | July 9, 2024 |
| First date to serve interrogatories and requests for production of documents | July 23, 2024 |
| Disclosure of Asserted Claims and Infringement Contentions pursuant to Local Patent Rule 6 | August 9, 2024 |
| Invalidity Contentions pursuant to Local Patent Rule 7 | September 23, 2024 |


| Event | Date |
|---|---|
| Exchange of Proposed Terms for Construction | October 7, 2024 |
| Exchange of Preliminary Claim Constructions and Identification of any Extrinsic Evidence, including intention to use Expert Testimony | October 16, 2024 |
| File Joint Disputed Claim Terms Chart pursuant to Local Patent Rule 11 | October 23, 2024 |
| Deadline for motions to join new parties or to amend the pleadings | October 25, 2024 |
| Exchange of Expert Reports on Claim Construction | November 8, 2024 |
| Close of Expert Discovery on Claim Construction | November 22, 2024 |
| Plaintiff's Opening Claim Construction Brief pursuant to Local Patent Rule 12(a) | December 6, 2024 |
| Defendants' Responsive Claim Construction Brief pursuant to Local Patent Rule 12(b) | January 10, 2025 |
| Plaintiff's Reply Claim Construction Brief pursuant to Local Patent Rule 12(c) | January 17, 2025 |
| Claim Construction Hearing | TBD by the Court |
| Opinion of Counsel Production pursuant to Local Patent Rule 10 | 30 days after the Court's Claim Construction Order |
| Completion of depositions/Close of fact discovery | February 28, 2025 or 120 days after the Court's Claim Construction Order, whichever is later |
| Pre-motion letters concerning summary judgment motions due | 14 days after the close of fact discovery |
| Status conference | TBD by the Court |
| Identification of case-in-chief experts and service of Rule 26 disclosures | 30 days after the close of fact discovery |
| Identification of rebuttal experts and service of Rule 26 disclosures | 60 days after the close of fact discovery |

| Event | Date |
|---|---|
| Close of expert discovery | 90 days after the close of fact discovery |
| Summary judgement motions due | 30 days after the close of expert discovery |
| *Daubert* Motions due | 30 days after the close of expert discovery |
| Status conference | TBD by the Court |

## VI. EXPECTED LENGTH OF TRIAL

The parties both request a jury trial. The parties believe that four court days should be sufficient to try the issues should this action proceed to trial.

## VII. REFERRAL TO MAGISTRATE

The parties do not consent to conducting all further proceedings before a United States Magistrate Judge.

## VIII. LOCAL PATENT RULE 2 – INITIAL SCHEDULING CONFERENCE

Pursuant to Local Patent Rule 2, the parties address the following:

(i) *Proposed Modification of the deadlines or proceedings set forth in [the] Local Patent Rules*

The parties have agreed that additional deadlines are required as set forth in Section VIII (ii), which relate to claim construction discovery. Thus, the parties have made proposed modifications the claim construction deadlines and briefing times in the Local Patent Rules based on the added claim construction discovery as well as the holidays. The modifications are reflected in the proposed schedule set forth in Section V.

(ii) *Proposed format of and deadlines for claim construction filings and proceedings, including a proposal for any expert discovery the parties propose to take in connection therewith.*

No later than November 8, 2024, the parties shall serve the other party with a claim construction expert report for any witness who will give expert testimony to support that party's proposed constructions.



Case No. 1:24-cv-01103 (MMG)
Page 7

No later than November 22, 2024, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts.

*(iii)   Proposed format of and deadlines for service of infringement, invalidity and/or unenforceability contentions, including any proposed deadlines for supplementation thereof.*

The parties agree to serve opening infringement, invalidity and/or unenforceability contentions by the deadlines set forth in Local Rules 6 and 7, and agree that the format of such contentions will comply with Local Rules 6 and 7. The parties are continuing to discuss whether they will agree to any additional limitations or deadlines with respect to infringement, invalidity and/or unenforceability contentions. This includes, for instance, additional limitations or deadlines relating to the number of asserted claims.

Dated: June 18, 2024

Respectfully submitted,

By:   */s/ Sharon L. Davis*
Sharon L. Davis (*pro hac vice*)
sdavis@rothwellfigg.com
Steven M. Lieberman (Bar No. SL8687)
slieberman@rothwellfigg.com
Michael H. Jones (*pro hac vice*)
mjones@rothwellfigg.com
Rothwell, Figg, Ernst & Manbeck P.C.
901 New York Avenue, N.W. Suite 900 E
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Defendants Showtime Networks Inc., Showtime Digital Inc., and Paramount Global*


*/s/ Randall Garteiser*
David A. Ward
KLUGER HEALEY, LLC
521 Newman Springs Road, Suite 23
Lincroft, New Jersey 07738
732-852-7500
Dward@klugerhealey.com

Randall Garteiser
Texas Bar No. 24038912



rgarteiser@ghiplaw.com
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

*Counsel for Plaintiff*